**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
_____
                           :
LEONARD HENRY,             :    Civ. No. 19-16049 (RMB)
            Petitioner     :
                           :
     v.                    :            OPINION
                           :
JAMAL JAMISON, Warden,     :
                           :
            Respondent     :
_____:
```

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking relief from his conviction in the United States District Court, Southern District of Florida, pursuant to United States v. Davis, 139 S. Ct. 2319 (2019). (Petition, ¶5, ECF No. 1.) Petitioner Leonard Henry is a prisoner confined in the Federal Correctional Institution in Fairton, New Jersey. (Id., ¶2.) Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Mot. to Dismiss, ECF No. 6.) Petitioner filed a Reply. (Reply, ECF No. 7.) For the reasons discussed below, the Court will grant Respondent's motion to dismiss.

I.   BACKGROUND

On November 4, 1994, a jury in the United States District Court, Southern District of Florida returned a guilty verdict

against Petitioner for Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); Use of a Firearm During a Drug Trafficking Crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c) and 2 (Count II); Possession of a Machine Gun, in violation of 18 U.S.C. §§ 922(o)(1), 924(a)(2) and 2 (Count III); Possession of Unregistered Silencers, in violation of 26 U.S.C. §§ 5861(d), 5871 and 18 U.S.C. § 2 (Count IX); and Use of Intimidation with Intent to Influence Testimony, in violation of 18 U.S.C. §§ 1512(b)(1) and 2 (Count X). (Declaration of Eva Baker-Dykstra ("Dykstra Decl."), Ex. B, ECF No. 6-2 at 6-9); United States v. Henry, Crim. No. 1:93-123 (S.D. Fla.) (Judgment, ECF No. 309.)[1]

Petitioner was sentenced on June 2, 1995, to a life sentence on Count I and a 120-month sentence on Counts III, IX and X, to be served concurrently. (Id.) On Count II, Petitioner received a 30-year term to run consecutively to the terms of imprisonment imposed on Counts I, III, IX and X. (Id.) Petitioner is also subject to a term of supervised release. (Id.) Petitioner has unsuccessfully appealed and filed multiple motions seeking to overturn, reduce, or modify his sentence. See generally Henry v. United States, Civil Action No. 1:01-567 (S.D. Fla.)[2]

---

[1] Available at www.PACER.gov.
[2] Also available at www.PACER.gov

2

II.   DISCUSSION

   A.   The Petition

On July 30, 2019, Petitioner filed the present petition under 28 U.S.C. § 2241, arguing that his conduct of conviction is no longer criminal based on the recent Supreme Court decision in Davis. Petitioner acknowledges that he previously filed a motion under 28 U.S.C. § 2255. (ECF No. 1, ¶10.) Petitioner contends that the Supreme Court in Davis held all of 18 U.S.C. § 924(c) void because it is unconstitutionally vague. (Petr's Mem., ECF No. 1 at 12.) Petitioner concludes that his conviction for use of a firearm is invalid. (Id. at 4.)

   B.   The Answer and Reply

In the Third Circuit, a petitioner lacks jurisdiction to challenge the validity of his conviction or sentence under § 2241 unless "the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Bruce v. Warden, Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997.) Respondent submits that this Court lacks jurisdiction over the petition because Davis does not implicate the validity of Petitioner's § 924(c) conviction and sentence. (Respt's Mem. in Supp. of Mot. to Dismiss, ECF No. 6-1 at 14-15.)

Respondent contends that the Supreme Court in Davis did not declare all of 18 U.S.C. § 924(c) unconstitutionally vague, but

3

only the provision regarding "crimes of violence" under § 924(c)(3)(B). (Respt's Mem. in Supp. of Mot. to Dismiss, ECF No. 6-1 at 14-15.) Respondent maintains that Petitioner was not convicted under § 924(c)(3)(B), so Davis offers him no basis for relief. (Id.) Therefore, Respondent argues the petition should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In Reply, Petitioner argues that the Supreme Court invalidated all of 18 U.S.C. § 924(c), including § 924(c)(2), governing use of a firearm in drug trafficking crimes. (Reply, ECF No. 7.)

  C. Standard of Law

  Generally, in deciding a Rule 12(b)(1) motion, courts review only "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Kalick v. United States, 35 F.Supp.3d 639, 644 (D.N.J. 2014) (quoting Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)). A court may, however, consider publicly filed documents that show, even if true, the petitioner's allegations "do not set forth a claim that is within this Court's jurisdiction." See e.g., Spataro v. Hollingsworth, Civ. No. 15-1736, 2016 WL 3951327, at *3 (D.N.J. July 21, 2016); Maliandi v. Montclair State Univ., 845 F.3d 77, 89 n.10 (3d Cir. 2016). Here, jurisdiction depends on whether Davis may negate Petitioner's § 924(c) conviction. See Bruce, 868 F.3d at 180. Therefore, it is

appropriate, in determining jurisdiction, for the Court to consider the filings from Petitioner's criminal conviction and sentence in the Southern District of Florida.

In 1948, Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under 28 U.S.C. § 2241 with a process that allowed a prisoner to file a motion in the sentencing court on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States. Bruce, 868 F.3d at 178 (3d Cir. 2017). A federal prisoner's collateral review of his conviction must be brought in the sentencing court under § 2255 unless he can show that the remedy is inadequate or ineffective to test the legality of his conviction. Id.

When Congress added limitations to § 2255 in 1996, including requiring permission from the appropriate Circuit Court of Appeals to file a second or successive motion under § 2255, the savings clause of § 2255(e) was untouched. Id. at 179. Thus, the Third Circuit held that in the unusual situation where an intervening change in statutory interpretation [by the Supreme Court] runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241. Id., quoting In re Dorsainvil, 119 F.3d at 251.

The Third Circuit permits access to § 2241 under two conditions. First, "a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review." Bruce, 868 F.3d at 180 (quoting U.S. v. Tyler, 732 F.3d [241], 246 [3d Cir. 2013](quoting Dorsainvil, 119 F.3d at 252)). Second, "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Id. In other words, "the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Id., (quoting Dorsainvil, 119 F.3d at 251.))

D. Analysis

Jurisdiction under § 2241 turns on whether the Supreme Court ruling in Davis invalidated Petitioner's conviction for "possession of a firearm in furtherance of a drug trafficking crime" under 18 U.S.C. § 924(c)(1), (2). At the time of Petitioner's offense on February 26, 1993,[3] 18 U.S.C. 924(c), provided:

---

[3] See Dykstra Decl., Ex. B., ECF No. 6-2 at 7.

> (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime … uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced … if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years…. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.
>
> (2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).
>
> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
>> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>>
>> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The Court in <u>Davis</u> held "[w]e agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."

7

Davis, 139 S. Ct. at 2336. The holding was based on the finding that the residual clause defining crime of violence alone was unconstitutionally vague. Petitioner's position that the Davis Court invalidated all of § 924(c) is inconsistent with the explicit holding of the Court.

The Supreme Court indeed left § 924(c)(2) intact. Therefore, Davis does not govern those convicted of using and carrying a firearm in relation to a drug trafficking crime, as defined in § 924(c)(2). According to Petitioner's Judgment, Petitioner was convicted and sentenced under § 924(c)(2) for "use of a firearm during a drug trafficking crime." (Dykstra Decl., Ex. B., ECF No. 6-2 at 7.) Therefore, Petitioner cannot demonstrate jurisdiction under § 2241 based on a new statutory interpretation by the Supreme Court that renders his conduct in violation of § 924(c)(2) non-criminal.

III. CONCLUSION

For the reasons discussed above, the Court grants Respondent's motion to dismiss for lack of jurisdiction.

An appropriate Order follows.


Date:  April 24, 2020

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **UNITED STATES DISTRICT JUDGE**